1  David Myers (SBN 206137)
   Ann Hendrix (SBN 258285)
2  THE MYERS LAW GROUP
   9421 Haven Ave., Suite 270
3  Rancho Cucamonga, CA 91730
   Telephone:  (909) 919-2027
4  Facsimile:   (888) 375-2102
   dmyers@myerslawgroup.com
5  ahendrix@myerslawgroup.com

6  Attorneys for Plaintiff
   ROBERT SOLGAN
7
   Scott C. Lacunza (State Bar No. 186892)
8  Alison L. Lynch (State Bar No. 240346)
   JACKSON LEWIS LLP
9  5000 Birch Street, Suite 5000
   Newport Beach, California  92660
10 Telephone:  (949) 885-1360
   Facsimile:   (949) 885-1380
11 lacunzas@jacksonlewis.com
   alison.lynch@jacksonlewis.com
12
   Attorneys for Defendant
13 BASS PRO OUTDOOR WORLD, L.L.C.

14                  UNITED STATES DISTRICT COURT

15          CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

16

17 ROBERT SOLGAN,                    ) CASE NO.:  EDCV09-01623 SGL (VBKx)
                                     )
18         Plaintiff,                ) Hon. William Stafford (Sitting by
                                     ) Designation), USDC Northern District,
19      vs.                          ) Florida
                                     )
20 BASS PRO OUTDOOR WORLD, L.L.C.,   ) [~~Proposed~~] PROTECTIVE ORDER
                                     ) REGARDING CONFIDENTIAL
21 and DOES 1 through 10             ) INFORMATION
                                     )
22 Defendants.            .          )
                                     ) Complaint Filed: June 9, 2009
23                                   )
                                     ) NOTE CHANGES MADE BY THE COURT
24                                   )
                                     )
25                                   )

26

27

28

1.    **Scope of Protective Order**.    This Stipulation and Protective Order ("Protective Order") shall govern the production, use and handling of confidential documents and information produced by any Party in any form in the above-captioned litigation.    Any Party or non-party may designate as "Confidential" any documents, information or other things that contain business, financial and other information that is confidential, proprietary, commercially sensitive and/or a trade secret not previously made available to the public, which any Party or non-party contends should be protected from disclosure pursuant to this Protective Order.

2.    **Designation of Confidential Material**.    Any Party or non-party producing or filing a document or thing in this proceeding may designate it at the time of its production as subject to this Protective Order by designating the material as Confidential by typing or stamping (without obscuring or defacing the material) the word "Confidential" on said material ("Basic Confidential Material").    Stamping the word "Confidential" on the cover of any multipage document shall designate all pages of the document as Basic Confidential Material, unless otherwise indicated by the producing party.    If a Party reasonably believes that the particular material to be produced or disclosed is of such a highly sensitive nature that its disclosure should be limited only to those persons identified in Paragraph 7, below, that Party shall stamp on or otherwise permanently affix to such Material (without obscuring or defacing the Material) the designation "Confidential – Attorney's Eyes Only."    Basic Confidential Material and Attorney's Eyes Only Confidential Material shall hereinafter collectively be referred to as "Confidential Material."    The Parties agree to exercise good faith in evaluating whether materials should receive any Confidential Material designation pursuant to this Protective Order.

a.    Should any Party, counsel for any Party, or any person or entity not a party to this action who obtains access to any Confidential Material make copies or duplicates of any Confidential Material, or any portion thereof, and if the Confidential Material designation is not clearly reproduced on the copies or duplicates as a result of

1   the copying process, then the appropriate designation, Basic Confidential Material or
2   Attorney's Eyes Only Confidential Material, as the case may be, shall in that event also
3   be stamped or affixed to such copies or duplicates, and the references in this Protective
4   Order to Confidential Material shall be deemed to include and to apply to such copies or
5   duplicates.

6           b.      Should any Party, counsel for any Party, or any person or entity not a
7   party to this action who obtains access to Confidential Material make extracts or
8   summaries of such Confidential Material, such extracts or summaries shall also be
9   stamped with the appropriate designation. Such extracts or summaries shall also
10  constitute Confidential Material even if the extracts or summaries are not marked with a
11  Confidential designation, and the references in this Protective Order to Confidential
12  Material shall apply to such extracts or summaries. This provision shall not include the
13  notes of counsel.

14          c.      This Protective Order shall apply to all Confidential Material so
15  designated whether produced informally or in response to formal discovery requests,
16  subpoenas or at deposition.

17      3.      **Use of Confidential Material**.  All Confidential Material subject to this
18  Protective Order shall be used by the persons to whom it is disclosed solely for the
19  prosecution and/or defense of the above-captioned action ("the Litigation"); it shall not
20  be used by such persons for any other purpose not directly related to the Litigation, and at
21  no time shall any Confidential Material be provided to any representative of the
22  electronic, digital or print media, excluding those persons designated as experts and
23  consultants pursuant to Paragraphs 6(c) and 7(b). The Confidential Material shall not be
24  used by any persons to whom disclosures are made, other than by the Party that produced
25  it, for business or competitive purposes or in any other litigation.

26      4.      **Disagreement Regarding Confidential Status**.  If, at any time, one of the
27  Parties disagrees with or challenges the grounds or basis for the designation of any
28  document or information as Basic Confidential Material or Attorney's Eyes Only

CASE NO.: EDCV09-01623 SGL (VBKx)        3        [PROPOSED]   PROTECTIVE    ORDER   RE:
                                                  CONFIDENTIALITY   OF   DOCUMENTS   AND
                                                  INFORMATION

1   Confidential Material, that Party shall nevertheless treat and protect such Material in
2   accordance with this Protective Order until and unless all Parties have agreed in writing,
3   or an order of the Court has been entered and become enforceable, which provides that
4   such challenged Confidential Material may be used or disclosed in a manner different
5   from that specified in this Protective Order.  In the event of such a disagreement, the
6   Party challenging the designation will have the burden of pursuing any relief desired.

7         5.    **Reservation of Rights and Preservation of Objections**.  Nothing in this
8   Protective Order shall preclude any Party from asserting all potential objections to and
9   otherwise resisting discovery requests, including objections based upon the private,
10  confidential, proprietary, commercially sensitive and/or a trade secret nature of
11  information sought.   Nothing in this Protective Order shall preclude any Party from
12  seeking and obtaining, upon a showing of good cause, additional protection with respect
13  to the confidentiality of documents or other information, including, but not limited to,
14  additional restrictions on disclosure to the Parties herein.   This Protective Order is
15  without prejudice to the rights of any Party to object to the discovery, production and/or
16  admissibility of any information, document or evidence on grounds other than
17  confidentiality or to bring before the Court at any time the question of whether any
18  particular information is or is not relevant to any issues in, or to the subject matter of, the
19  Litigation, and such rights are hereby expressly reserved.   The designation of such
20  information as Confidential Material pursuant to this Protective Order shall not be
21  construed as an admission of the relevance of such Confidential Material in the
22  Litigation.

23        6.    **Disclosure and Use of Basic Confidential Material**.  Basic Confidential
24  Material and its contents may only be disclosed to the following persons and subject to
25  the following conditions:

26              a.    Counsel of record and in-house counsel for the Parties to the
27  Litigation, now or in the future, their respective associates, partners, law clerks,
28  paralegals, legal assistants, secretaries, and other support staff who are actively engaged

CASE NO.: EDCV09-01623 SGL (VBKx)          4      [PROPOSED]   PROTECTIVE   ORDER   RE:
                                                  CONFIDENTIALITY   OF   DOCUMENTS   AND
                                                  INFORMATION

1   in assisting such attorneys in the prosecution or defense of the Litigation; provided,

2   however, that the employees of such counsel to whom such access is permitted shall,

3   prior to such access or disclosure, be advised of the provisions of this Protective Order

4   and shall be instructed to comply with it;

5           b.      The Parties, officers and current employees of the Parties whose

6   knowledge of such information is necessary to enable the Parties to prepare for trial, to

7   try this proceeding, or to engage in appellate proceedings herein;

8           c.      Independent experts and consultants retained in the Litigation by a

9   Party or the attorneys for a Party, provided, however, that the experts or consultants to

10  whom such access is permitted shall, prior to such access or disclosure, be advised of the

11  provisions of this Protective Order and shall be instructed to comply with it;

12          d.      Deposition reporters and their support personnel for purposes of

13  preparing deposition transcripts;

14          e.      Any witness in a deposition in the Litigation, where Basic

15  Confidential Material is relevant to the subject matter about which the deponent would be

16  likely to have knowledge, provided, however, that any such witness, shall, prior to such

17  access or disclosure, be advised of the provisions of this Protective Order and shall be

18  instructed to comply with it;

19          f.      The author(s), sender(s), addressee(s) and copy recipient(s) of the

20  Basic Confidential Material;

21          g.      The person(s) mentioned in any document or tangible material

22  designated as Basic Confidential Material, provided, however, that only that portion of

23  the Basic Confidential Material that directly pertains to such person(s) shall be disclosed

24  to them;

25          h.      The judge, jury, clerk, other personnel in the Court, and other court

26  personnel;

27          i.      Any discovery referee or settlement conference officer assigned to the

28  Litigation;

CASE NO.: EDCV09-01623 SGL (VBKx)            5       [PROPOSED]  PROTECTIVE  ORDER  RE:
                                                     CONFIDENTIALITY  OF  DOCUMENTS  AND
                                                     INFORMATION

1           j.     Percipient witnesses called to testify at trial, but only for purposes of

2     such trial testimony.

3           7.    **Disclosure and Use of Attorney's Eyes Only Confidential Material**.

4     Attorney's Eyes Only Confidential Material, or copies thereof, may be reviewed by the

5     Party to the Litigation to whom it is produced, but may not be held in the possession of or

6     maintained by the Party to whom it is produced.  Attorney's Eyes Only Confidential

7     Material may only be held in the possession of and maintained by the following persons

8     and is subject to the following conditions:

9           a.     Counsel of record for the Parties to the  Litigation and in-house

10    counsel for the Parties, now or in the future, their respective associates, partners, law

11    clerks, paralegals, legal assistants, secretaries, and other support staff who are actively

12    engaged in assisting such attorneys in the prosecution or defense of the Litigation;

13    provided, however, that the employees of such counsel to whom such access is permitted

14    shall, prior to such access or disclosure, be advised of the provisions of this Protective

15    Order and shall be instructed to comply with it;

16          b.     Independent experts and consultants employed, consulted or retained

17    in the Litigation by a Party or the attorneys for a Party to perform investigative work,

18    research, analysis, expert testimony and other services specifically related to the

19    prosecution, defense or settlement of the Litigation; provided, however, that the experts

20    or consultants to whom such access is permitted shall, prior to such access or disclosure,

21    be advised of the provisions of this Protective Order and shall be instructed to comply

22    with it;

23          c.     Deposition reporters and their support personnel for purposes of

24    preparing deposition transcripts;

25          d.     Any witness in a deposition in the Litigation, where Attorney's Eyes

26    Only Confidential Material is relevant to the subject matter about which the deponent

27    would be likely to have knowledge; provided, however, that any such witness, shall, prior

28    to such access or disclosure, be advised of the provisions of this Protective Order and

1    shall be instructed to comply with it;

2            e.    The author(s), sender(s), addressee(s) and copy recipient(s) of the

3    Attorney's Eyes Only Confidential Material;

4            f.    The judge, jury, clerk, other personnel in the department the Litigation

5    is assigned, and other court personnel;

6            g.    Any discovery referee or settlement conference officer assigned to the

7    Litigation;

8            h.    Percipient witnesses called to testify at trial, but only for purposes of

9    such trial testimony.

10        8.    **Use of Confidential Material in Court.**

11            a.    For applications and motions to the Court for which a Party submits

12    Confidential Material, the Party shall file a Request to Seal all Confidential Material

13    submitted to the Court pursuant to Local Rule ~~141~~ and FRCP 39. [handwritten: 79-5 of the Central District of California]

14            b.    If any Party at trial or at a hearing desires to offer into evidence

15    Confidential Material or otherwise use Confidential Material so as to reveal its nature, the

16    Parties shall meet and confer in advance to arrive at an agreeable procedure.  If the

17    Parties are unable to reach agreement, the issue of whether any matter should be treated

18    as Confidential Material, and if so, how it is to be handled in the course of the of the

19    matter, shall be submitted to the Court for determination in accordance with applicable

20    law.  Until such time as the Court makes such a decision, or the Parties reach agreement,

21    the Confidential Material shall not be revealed, in accordance with the provisions of

22    paragraph 8, immediately above.

23        9.    **Use of Confidential Material at Deposition.**  If any Basic Confidential

24    Material or Attorney's Eyes Only Confidential Material or its contents is presented at, or

25    is the subject of inquiry during a deposition, counsel for the Party whose Confidential

26    Material is to be disclosed or inquired into shall notify the deposition reporter to

27    separately transcribe the portion of the deposition testimony during which Confidential

28    Material is discussed.  That portion of the deposition that may reveal Confidential

Material or its contents shall be conducted (unless otherwise agreed to by counsel for all Parties in writing or upon the record of the deposition) under circumstances such that only the deposition reporter and persons duly authorized under Paragraphs 6 and 7 herein to have access to such Confidential Material, as the case may be, shall be present.  The transcript of such portion of the deposition itself shall be deemed, as appropriate, Basic Confidential Material or Attorney's Eyes Only Confidential Material, and such portion of the deposition transcript shall be separately transcribed and stamped with the appropriate legal legend as specified in Paragraph 2, above.  This Protective Order does not preclude presenting the original of the transcript in its entirety to the deponent for review, correction and signing, nor does it preclude delivery by the reporter of copies of deposition transcripts containing or annexing Confidential Material, in their entirety and marked with the legend or legends provided above, to outside counsel for the Parties to this Protective Order, which transcripts shall then be maintained by such outside counsel in accordance with the provisions of this Protective Order.

10. **Consent to be Bound by Protective Order**.  Before disclosing Confidential Material to any persons (other than pursuant to Paragraphs 6 (f), (g) and (h) or 7 (e) and (f) hereof) authorized to receive it under Paragraphs 6 and 7 of this Protective Order, counsel for the Party seeking to disclose such Confidential Material shall provide a copy of this Protective Order to such persons, shall advise them that they are governed by its provisions and shall instruct them not to use the Confidential Material in any manner contrary to the terms of this Protective Order. Counsel seeking to disclose such Confidential Material shall cause each such person(s) to execute the "Consent to be Bound" form attached hereto as Exhibit "A."

11. **Seeking Other or Different Relief**.  This Protective Order shall be without prejudice to the rights of the Parties to apply to the Court for additional, different or removal of protection if they deem it necessary to do so.  The terms of this Protective Order shall not affect the right of any person to seek and secure greater protection for particularly sensitive information or to seek whatever further relief is available under the

1    Federal Rules of Civil Procedure and Evidence, the Central District of California Local

2    Rules or other federal or California law.

3        12.  **Scope of Enforcement**.  This Protective Order shall continue in full force

4    and effect with respect to all Confidential Material, whether or not offered into evidence

5    at trial, until another order modifies, supersedes or terminates it, and shall be enforceable

6    as any other order of the Court.  At the conclusion of the Litigation (including appeal), all

7    such Confidential Material shall be returned to the Party who produced it and no Party,

8    expert, consultant or any other person or entity to whom such Confidential Material was

9    produced shall retain any copies or any such Confidential Material, except that counsel

10   for each Party may maintain one copy of all documents containing Confidential Material

11   for the purpose of maintaining complete and accurate files of the Litigation.

12       13.  **Responding to Court Order or Subpoena**.  In the event any person or

13   Party in the Litigation receives a court order, process or subpoena seeking the disclosure

14   of Confidential Material, such person or Party shall promptly notify each of the Parties

15   through their attorneys of record, shall furnish each of the Parties through their attorneys

16   of record with a copy of the court order, process or subpoena, and shall not interfere with

17   respect to any procedure sought to be pursued by any Party whose interests may be

18   affected by such disclosure.  The Party asserting that documents or information subject to

19   the court order, process or subpoena constitute Confidential Material shall have the

20   burden of defending against such court order, process or subpoena. ~~The Party receiving~~

21   ~~the court order, process, or subpoena shall, once sufficient notice to all other Parties has~~

22   ~~been given and the Parties have had a reasonable opportunity to object (but in no case~~

23   ~~less than ten (10) days after notice), be entitled to comply with it except to the extent~~ a

24   ~~Party has filed for or succeeded in obtaining an order modifying or quashing the court~~

25   ~~order, process, or subpoena.~~ Nothing herein shall be construed

26   as ~~retaining~~ relieving any party from its obligation

27   to comply with any duly issued court order, process

28   or subpoena.

14.   **Miscellaneous**.

      a.    Nothing contained herein shall prevent any Party from using or disclosing its own Confidential Material without having to comply with the terms of this Protective Order.

      b.    The Court shall retain jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem necessary or appropriate.

      c.    This Protective Order shall remain in full force and effect until another order, if any, modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court.

      d.    Notwithstanding whether this Protective Order becomes an order of the Court, or is modified by the Court, the Parties hereto agree to be bound by the terms of the Protective Order until such time as it is superseded by order of the Court.

## [~~PROPOSED~~] ORDER

The terms of this Stipulated Protective Order are hereby approved and adopted.

**IT IS SO ORDERED.**

Date: June 24 , 2010

_____
Judge ~~William Stafford~~
**Frederick F. Mumm**

[PROPOSED]   PROTECTIVE   ORDER   RE:
CONFIDENTIALITY   OF   DOCUMENTS   AND
INFORMATION

## EXHIBIT "A"

## FORM OF CONSENT TO BE BOUND

I, _____, declare as follows:

1.    I have been provided with a copy of the Stipulation and Order Re: Confidentiality of Documents and Information issued in this action, and have read and understand its terms.

2.    I hereby consent to be bound by the terms of the Stipulation and Order.  I further consent to the jurisdiction of the District Court for the Central District of California for the purposes of any proceeding to enforce the terms of the Stipulation and Order or to punish the breach thereof.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.


Executed on _____, 2010 at _____.
                    (date)                                    (city and state)

_____

CASE NO.: EDCV09-01623 SGL (VBKx)          11          [PROPOSED]  PROTECTIVE  ORDER  RE: CONFIDENTIALITY  OF  DOCUMENTS  AND INFORMATION